**In re Frank A. THOMPSON, Jr., Debtor.**

**Bankruptcy No. 92–23097.**

United States Bankruptcy Court,
W.D. New York.

Feb. 23, 1993.

Robert S. Cooper, Rochester, NY, for debtor.

George M. Reiber, Rochester, NY, trustee.

### MEMORANDUM AND OPINION

JOHN C. NINFO, II, Bankruptcy Judge.

### BACKGROUND

On December 7, 1992 the debtor, Frank A. Thompson, Jr. (the "Debtor") filed a petition initiating a Chapter 13 case.

In his Schedules the Debtor listed his residence at 73 Hillendale Street, Rochester, New York ("Hillendale Street") as having a current market value of $55,000 and being subject to a January 1990 purchase money mortgage (the "Simmons

Mortgage") in favor of Simmons First National Bank ("Simmons"). The Schedules further listed Simmons as having a Chapter 13 claim of $79,157, which included approximately $23,000 of pre-petition arrearages.

The Debtor's Chapter 13 Plan (the "Plan") proposed to pay $675 per month to the Chapter 13 Trustee for a 60–month period. At Article 2(b) the Plan provided that the Simmons Mortgage be "crammed down" to $55,000 with the balance of the amount due on the Simmons claim to be treated as an unsecured claim. The Plan also provided that the pre-petition arrearages of approximately $23,000 were to be paid with 9% interest over the 60–month term of the Plan.

By motion returnable February 3, 1993, the Debtor moved pursuant to Section 506 and the decision of the Court of Appeals for the Second Circuit, *In re Bellamy*, 962 F.2d 176 (2d Cir.1992), for a determination that the allowed secured claim of Simmons was $55,000 and that the balance of the Simmons claim was unsecured.

No opposition was received by the Court by or on behalf of Simmons and on the return date no appearance was made by or on behalf of Simmons. On February 3, 1993, the Court determined the fair market value of Hillendale Street to be $55,000, in accordance with the November 3, 1992 appraisal included with the Debtor's motion papers, and fixed the allowed secured claim of Simmons at this amount.

At the confirmation hearing on the Plan, also held on February 3, 1993, the Court directed that the pre-petition arrearages due under the Simmons Mortgage (approximately $23,000) be paid with interest at 9%, in accordance with the Debtor's Plan, and that such payments were not to be credited against the Simmons secured claim of $55,-000. The attorney for the Debtor argued that the amount of the arrearages paid as part of the Plan should reduce the allowed secured claim of Simmons. The Chapter 13 Trustee argued that the payment of the arrearages should not reduce the allowed secured claim of Simmons.

## DISCUSSION

■ The courts are divided on whether a purchase money first mortgage, which is secured only by a debtor's residence, can be bifurcated into an allowed secured claim and an unsecured claim when the market value of the property is less than the balance due on the mortgage. This question will ultimately be decided by either the United States Supreme Court or Congress. The United States Supreme Court recently granted a writ of certiorari to a case from the Court of Appeals for the Fifth Circuit to decide this issue. *In re Nobleman*, 968 F.2d 483 (5th Cir.1992), *cert. granted*, —— U.S. ——, 113 S.Ct. 654, 121 L.Ed.2d 580 (1992). Congress also appears to be addressing this issue and may clarify § 1322(a)(2). Until then, the Court of Appeals for the Second Circuit has clearly decided this issue in favor of allowing the bifurcation of such a purchase money first mortgage. *Bellamy*, 962 F.2d 176. However, the *Bellamy* decision does not provide clear direction as to whether pre-petition arrearages are part of the allowed secured claim when the Debtor's Plan must also take advantage of Section 1322(b)(5) because the last payment due under the mortgage in question, even as bifurcated, is beyond the term of the Plan.

■ The Court of Appeals for the Third Circuit has addressed this very issue in what this Court feels is a detailed and well-reasoned decision. *In re Sapos*, 967 F.2d 918 (3rd Cir.1992). In *Sapos*, the Court of Appeals for the Third Circuit held that a debtor who bifurcates a first mortgage pursuant to the reasoning expressed in the *Bellamy* decision and takes advantage of Section 1322(b)(5) may not include the pre-petition arrearages within the allowed secured claim but must pay the arrearages in addition to the scheduled monthly mortgage payments on the allowed secured claim:

> [A] debtor who bifurcates an allowed claim under section 506(a) can use the cure and maintenance provisions of section 1322(b)(5) only if the debtor both pays arrearages within a reasonable time and continues to make the monthly pay-

ments due in accordance with the original terms of the note until the principal has been paid in an amount equal to the value of the property established under section 506(a).

967 F.2d at 928.

Accordingly, the Court emphasized that any plan that provides for the curing of default under Section 1322(b)(5) should state specifically how the cure is to be effected independent of other provisions in the plan. "It should not mix 'curing' apples with 'maintenance of payments' oranges." *Id.* at 926. In addition, the Court relied on *In re Cole*, 122 B.R. 943 (Bankr. E.D.Pa.1991) for the principle that Section 506(a) should not be used to cramdown a creditor's claim and then include the arrearages as part of the allowed secured claim. *Id.* at 927. The Bankruptcy Court of the Eastern District of Pennsylvania in *Cole* reasoned that allowing the debtor to treat the arrearages within the secured claim would reward a debtor who had not kept current in payments before filing for Chapter 13. 122 B.R. at 951. The Bankruptcy Court stated:

> [W]e hold that, if the Debtor is to propose a "feasible" Chapter 13 plan which will overcome the Trustee's motion to dismiss, she must not only continue to maintain her regular monthly mortgage payments, as she alleges she has done, but she must also liquidate all of the arrearages owed to the Mortgagee in the 60–month period beginning on the date that payments first became due.

*Id.*

This Court is in complete agreement with the decisions in *Sapos* and *Cole* for the statutory construction policy and reasons stated in those decisions. This Court shares the same concern that permitting a debtor to treat arrearages as part of the allowed secured claim would in fact reward a debtor who had not kept current in payments before filing for reorganization.

### CONCLUSION

The amounts paid by the Debtor to cure its pre-petition mortgage arrearages along with interest shall not reduce the allowed secured claim of Simmons in the amount of $55,000. This allowed secured claim must be paid by regular monthly mortgage payments of principal together with interest at the contract rate provided for by the Simmons Mortgage until the principal amount of $55,000 is paid or the Simmons Mortgage is otherwise paid in full in accordance with its original terms exclusive of any defaults which are to be otherwise cured by the Plan.

**IT IS SO ORDERED.**